IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LISA D.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 6:17-cv-01836-TC
**OPINION & ORDER**

AIKEN, District Judge:

United States Magistrate Judge Thomas Coffin issued his Findings and Recommendation ("F&R") on November 28, 2018 (doc. 16). Judge Coffin recommended that the Commissioner's decision be reversed and remanded for further proceedings with regard to Plaintiff's claim for disability insurance benefits. The F&R is now before me pursuant to 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure. I review *de novo* those portions of the F&R to which objection is made. 28 U.S.C. § 636(b)(l)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

2004). For the reasons that follow, the Court ADOPTS Judge Coffin's F&R and REMANDS the case for further proceedings.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's F&R to which neither party has objected, the Act does not prescribe any standard of review. *United States. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas v. Arn,* 474 U.S. 140, 154 (1985).

The Commissioner timely objects to Judge Coffin's F&R and those objections are discussed below.

## DISCUSSION

Judge Coffin determined that the ALJ erred in relying on the opinion of the examining physician, Dr. Maughan, because Dr. Maughan "did not consider, mention, or even indicate an awareness of plaintiff's diagnosis of Lyme disease when assessing plaintiff's functional limitations." F&R at 4. The Commissioner makes two objections to Judge Coffin's F&R: (i) no agency regulation, ruling, or Ninth Circuit case law precludes an ALJ from relying on a doctor's opinion merely because the doctor did not diagnose Lyme disease, and (ii) even if Dr. Maughan's

Page 2 – OPINION AND ORDER

findings were not worthy of reliance, the ALJ nonetheless provided other relevant reasons for rejecting Plaintiff's allegations, Ms. Paetzhold's opinion, and Dr. Dietlein's opinion.

I agree with Judge Coffin that further proceedings are necessary. On remand, the ALJ should contact Dr. Maughan, Dr. Dietlein, and Ms. Paetzhold to obtain more specific information in light of Plaintiff's Lyme Disease and conduct a new step 5 analysis.

Lyme disease is a unique illness. As the record in Plaintiff's case indicates, its symptoms are elusive, and it can take many attempts to receive a proper diagnosis. Even once diagnosed, the disease's effects can be unpredictable and only show themselves on limited occasions during "flare ups." As Dr. Dietlein, one of Plaintiff's examining psychologists explained, individuals with Lyme disease often have episodes of good and poor functioning—both physical and mental functioning can be impacted. Therefore, a snapshot assessment of Plaintiff's functional limitations without considering Plaintiff's underlying Lyme disease cannot be given significant deference.

In his twenty-minute exam, Dr. Maughan did not indicate any awareness of Plaintiff's Lyme disease. Judge Coffin thought that this failure was legally problematic. Judge Coffin's F&R took issue with the ALJ's reliance on Dr. Maughan's opinion because it failed to acknowledge the possibility that Plaintiff was essentially just having a "good day" on the day that Dr. Maughan examined her. Dr. Maughan was, after all, only Plaintiff's examining physician and therefore did not have the benefit of a long treating relationship with Plaintiff to contextualize his assessment.

Judge Coffin's F&R also indicates that he believed the soundness of the ALJ's reliance on Dr. Maughan's opinion was a threshold issue. And if reliance on Dr. Maughan's testimony was flawed, then so was the ALJ's decision to discount the testimony and opinion evidence from Plaintiff and her other medical providers based on Dr. Maughan's findings.

I. *Plaintiff's Testimony*

The Commissioner objects to Judge Coffin's assessment of the ALJ's decision to discredit Plaintiff's testimony so I review that section *de novo*. 28 U.S.C. § 636(b)(l)(C).

As Judge Coffin explained, one of the reasons provided for rejecting Plaintiff's testimony was its inconsistency with the medical evidence. But the medical evidence was largely a reference to Dr. Maughan's opinion even though Dr. Maughan was not aware of Plaintiff's Lyme disease.

For example, Plaintiff complained of joint pain, body stiffness, and fatigue but Dr. Maughan opined that Plaintiff had no restrictions in sitting, standing, or walking. Dr. Maughan's opinion, however, did not address the possibility that Plaintiff's symptoms may have been fluctuating from day to day and that a snapshot at one time was not necessarily indicative of Plaintiff's overall symptom manifestations. Additionally, the Commissioner argued that the ALJ discounted Plaintiff's symptom testimony because it was inconsistent with what Plaintiff had previously told clinicians but that clinician was Dr. Maughan and the inconsistencies are simply references to Plaintiff's view that certain things help alleviate some of her symptoms—there was no per se inconsistency. Although the ALJ gave other reasons for discounting Plaintiff's testimony, Judge Coffin reasonably concluded that the intertwined nature of the reasons makes it difficult to discern which of the ALJ's reasons materially impacted his decision to issue a non-disability finding. Therefore, I agree with Judge Coffin that further proceedings are necessary.

II. *Ms. Paetzhold*

The Commissioner also objects to the portion of Judge Coffin's F&R about Ms. Paetzhold so I review that portion *de novo*.

Ms. Paetzhold's testimony was similarly impeached by Dr. Maughan's opinion. The ALJ's assessment of Ms. Paetzhold's opinion is found on pages 19 and 20 of the record. Those pages

first include a paragraph explaining why Ms. Paetzhold's opinion is entitled to little legal weight because she is not an acceptable medical source provider. The ALJ points out that "her practice focuses on uncovering 'the root causes of disease in a patient' and to 'use my chiropractic, naturopathic, oriental medical and acupuncture training to reverse their health problems and maximize their function in all areas of their life.'" Tr. 19. The ALJ says "Ms. Paetzhold may refer to herself as a doctor, but her curriculum vitae at Exhibit 17F cites only degrees in naturopathic and oriental medicine." *Id.* at 19–20. Beyond explaining why Ms. Paetzhold's opinion deserves little comparative weight, the ALJ's only other reason for discounting Ms. Paetzhold's opinion is that her findings "are undermined by the objective medical findings cited in Dr. Maughan's examination report." Tr. 20. The next sentence concludes with "her opinion is therefore given little weight in this proceeding." *Id.* Thus, beyond the inconsistency with Dr. Maughan's opinion, the ALJ has no other basis to give Ms. Paetzhold's opinion less weight than what any naturopathic doctor would get as a matter of law. I therefore agree with Judge Coffin that the ALJ's treatment of Ms. Paetzhold's opinions was legally problematic and further proceedings are necessary.

III. *Dr. Dietlein*

The Commissioner also objects to the portion of Judge Coffins' opinion about Dr. Dietlein so I review that section *de novo*.

Dr. Dietlein was an examining psychologist who opined that Plaintiff could perform simple instructions but would have moderate difficulties with persistence and pace. He also observed symptoms of a major depressive disorder and opined that the severity of these mental symptoms was largely dependent on the claimant's Lyme disease symptoms. The ALJ rejected Dr. Dietlein's opinion because he found it to be inconsistent with Dr. Dietlein's own examination findings and its uncritical reliance on Plaintiffs subjective reporting, among other reasons. *See* Tr. 20.

But the ALJ's treatment of Dr. Dietlein's opinion suffers from some of the same issues as the ALJ's treatment of Dr. Maughan's opinion. Namely, that he leaves no room for the possibility that Plaintiff may simply not have had a flareup on the day that the doctor's notes evinced a normal presentation. For example, the ALJ observed that Dr. Dietlein speculated about the impact of Plaintiff's Lyme disease on his ability to carry out simple instructions even though Dr. Dietlein's testing indicated that Plaintiff had "grossly intact" memory abilities and whose cognitive functioning "appeared to be in the high average range based on today's interview and limited mental status exam." Tr. 676. But it could simply be the case that Plaintiff's symptoms were not present during the exam. Dr. Dietlein tried to account for this possibility by stating that Plaintiff would likely have moderate problems carrying out even simple instructions during periods of exacerbated Lyme disease but the ALJ stated that he "gives little weight to this speculative assessment, as it relies uncritically on the claimant's subjective reporting an is wholly inconsistent with the psychologist's clinical observations." Tr. 21. As explained above, Lyme disease is a unique illness with symptoms that can wax and wane dramatically. Given this fact, it's error for the ALJ to discredit Dr. Dietlein for providing a medical opinion that accounts for this possibility. Therefore, I agree with Judge Coffin that the ALJ erred in his assessment of Dr. Dietlein's opinion.

## CONCLUSION

The Court ADOPTS Judge Coffin's F&R and REMANDS the case for further proceedings.

IT IS SO ORDERED.

Dated this 5th day of ~~February,~~ March 2019.

_____
Ann Aiken
United States District Judge